■ In the Matter of State Farm Fire & Casualty Company, Respondent, v James W. Clark et al., Respondents, and 21st Century Assurance Company, Appellant. [65 NYS3d 704]—

Order and judgment (one paper), Supreme Court, Bronx

County (Elizabeth A. Taylor, J.), entered on or about August 3, 2016, which granted the CPLR article 75 petition and permanently stayed the subject uninsured motorist arbitration, unanimously affirmed, without costs.

The hearing court properly found that additional respondents Olga Leon-Lobello and Santo Lobello were insured by additional respondent 21st Century Assurance Company on the date of the subject accident. 21st Century did not show that it timely mailed the requisite renewal documents to the Lobellos (*see Weathers v Hartford Ins. Group*, 77 NJ 228, 234-235, 390 A2d 548, 550-551 [1978]; *Lopez v New Jersey Auto. Full Ins. Underwriting Assn.*, 239 NJ Super 13, 24, 570 A2d 994, 999 [App Div 1990], *cert denied* 122 NJ 131, 584 A2d 206 [1990]; NJ Admin Code § 11:3-8.3 [b]).

Even assuming that 21st Century had demonstrated that it mailed the requisite documents, it is undisputed that the Lobellos paid the premium within the policy coverage period, and six days prior to the accident. It is also undisputed that the Lobello's promptly notified 21st Century of the accident, and that 21st Century did not disclaim coverage until a day later. Moreover, 21st Century did not refund the premium payment until nearly two weeks after the accident. Under these circumstances, 21st Century's acceptance of the Lobello's premium estops them from denying coverage (*see Cervone v New Jersey Auto. Full Ins. Underwriting Assn.*, 239 NJ Super 25, 29, 570 A2d 999, 1001-1002 [App Div 1990]). Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.